UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNA WILLIAMS, on behalf of
herself and those similarly situated,

    Plaintiff(s),

             CASE NO.:

vs.

COOKS PEST CONTROL, INC.,

    Defendant._____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VERNA WILLIAMS, on her own behalf and on on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, COOKS PEST CONTROL, INC., ("Defendant" or "Cooks"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor

1

conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being.  *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every service technician who worked for the Defendant **nationwide** at any time within the past three (3) years.

## II. PARTIES

3.      Plaintiff was a service technician and performed related activities for Defendants from approximately January 2008 through March 19, 2010.

4.      Defendant, COOKS PEST CONTROL, INC., has its headquarters in Decatur, Morgan County, Alabama.

5.      Plaintiff, and those similarly situated, performed work, in Dallas, Paulding County, Georgia, therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

7.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

8.      At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. As part of its regular and recurring business activities, Defendant ordered and used goods and materials such as chemicals, pest control equipment, vehicles, extermination supplies, paper, checks, telephones, computers, pencils, pens, gasoline, etc. that have previously moved through commerce.

V. FACTUAL ALLEGATIONS

12. Defendant provides pest control services to various customers nationwide.

13.     Defendant has offices and provides its pest control services in several states including Georgia, Mississippi, Tennessee and Alabama.

14.     Plaintiff, VERNA WILLIAMS, was employed by Defendant as a service technician from approximately January 2008 through March 19, 2010.

15.     Plaintiff, and those similarly situated to her, were paid a bi-monthly salary in exchange for work performed.

16.     Plaintiff and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

17.     Plaintiff's primary job duty involved non-exempt job duties.

18.     Plaintiff was primarily responsible for performing pest control work.

19.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty in a workweek.

20.     Defendant has employed and is employing other individuals as service technicians who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff and the class members performed the same or similar job duties as one another in that they provided pest control services for Defendant.

22.     Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid a salary and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

23.     Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

24.     Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that service technicians are paid for overtime hours worked based on the Defendant's erroneous misclassification of its service technicians as exempt from overtime.

25.     This policy or practice was applicable to Plaintiff and the class members.  Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to the Plaintiff applies to all class members and was formed without regard to their

individual circumstances. Accordingly, the class members are properly defined as:

> **All service technicians who worked for Defendant nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

27. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

29. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

30. Also, Defendant failed to post required FLSA informational listings as required by law.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

**VII. RELIEF SOUGHT**

Wherefore, Plaintiff demands an Order awarding:

(a) payment of her, and all class members, overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1);

(b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) declaratory relief pursuant to the DJA and FLSA finding that service technicians who worked for Defendant within the last three years were not paid overtime compensation at a rate of time-and-one-half for all hours worked as required by the Act:

(d) reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b);

Plaintiffs also demand a trial by jury.

Dated this 31st day of August, 2010.

/s/ Deirdre M. Stephens Johnson
Deirdre M. Stephens Johnson, Esquire
GABN 678789
Morgan & Morgan, P.A.
191 Peachtree St. NE, Ste. 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email:djohnson@forthepeople.com
Attorneys for Plaintiff